```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

-------------------------------x
                               :
MILLER EX REL. MILLER          :    Civ. No. 3:15CV01055(SALM)
                               :
v.                             :
                               :
CAROLYN W. COLVIN,             :
COMMISSIONER OF SOCIAL         :    April 1, 2016
SECURITY                       :
                               :
-------------------------------x
```

## RULING ON PLAINTIFFS' MOTION FOR AWARD OF FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

The plaintiffs Tracey Miller and John M. Miller, Conservators of the Estate of Nicholas M. Miller ("plaintiff"), filed an application for Supplemental Security Income ("SSI") on July 11, 2012, alleging disability since birth. (Certified Transcript of the Record, Compiled on August 6, 2015, (hereinafter "Tr.") 99). After a hearing before an Administrative Law Judge ("ALJ"), the ALJ denied the plaintiff benefits on February 28, 2014. See Tr. 83-98. Following the exhaustion of his administrative remedies, the plaintiff filed the Complaint in this case on July 10, 2015. [Doc. #1]. On September 21, 2015, the Commissioner filed her Answer and the official transcript. [Doc. #14]. On December 21, 2015, the plaintiff filed a Motion to Reverse the Decision of the Commissioner, together with a memorandum in support and medical chronology. [Doc. #19]. On February 26, 2016, the defendant

1

filed a Consent Motion for entry of Judgment under Sentence Four of 42 U.S.C. §405(g) with Reversal and Remand of the Cause to the Defendant ("consent motion to remand"). [Doc. #24]. The parties consented to the entry of a final order by a United States Magistrate Judge. Id.

On February 26, 2016, the undersigned issued a ruling granting the consent motion to remand. [Doc. #25]. The Court ordered that the Commissioner's decision be reversed under sentence four of 42 U.S.C. §405(g) with a remand of the case to the Commissioner for further proceedings. Id. at 2. Judgment was entered on February 26, 2016. [Doc. #27].

On March 30, 2016, the parties filed a Joint Stipulation for Allowance of Fees under the Equal Access to Justice Act ("EAJA"), agreeing to an award of $8,000.00 in attorney fees and $424.99 in costs. [Doc. #29]. On March 31, 2016, the undersigned issued an Order requiring counsel for the plaintiff to provide a detailed accounting of her costs and fees in the matter so that the Court could determine "if the hours expended and rates charged are reasonable[.]" Hogan v. Astrue, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008). [Doc #30]. On April 1, 2016, and presumably in response to the undersigned's March 31, 2016, Order, the plaintiff filed a Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. §2412(d), together with a supporting affidavit, itemization of time, curriculum

vitae, and plaintiff's assignments of EAJA fees. [Doc. #31]. The plaintiff's motion indicates that counsel incurred $9,108.55 in fees, but only seeks $8,000.00, as compromised by the parties. Id. at 1.

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (internal quotation marks omitted); see also Rogers v. Colvin, No. 4:13CV945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). The Court therefore has reviewed the plaintiff's application for fees to determine whether the stipulated amount is reasonable.

For the reasons set forth herein, the plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. §2412(d) [Doc. #31] is **GRANTED,** for the

stipulated amount of **$8,000.00 in fees and $424.99 in costs for a total award of $8,424.99.**[1]

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

It is the plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a

---

[1] Prior to the filing of the Joint Stipulation and Motion for Award of Attorney Fees, plaintiff filed a Bill of Costs in the amount of $424.99. [Doc. #28]. The Bill of Costs is hereby approved, absent objection, and in accordance with the parties' Joint Stipulation. See Doc. #29.

"prevailing party" to recover "a reasonable attorney's fee as part of the costs").[2] This Court has a duty to review the plaintiff's itemized time log to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV1768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

In determining whether the amount of time billed is reasonable, "[g]enerally, district courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time." Hogan, 539 F. Supp. 2d at 682 (collecting cases); see also Cobb v. Astrue, No. 3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009). "Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." Rodriguez v. Astrue, No. 3:08CV154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) (collecting cases), approved in

---

[2] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

relevant part, 3:08CV154(JCH), 2010 WL 1286895 (D. Conn. Mar. 29, 2010).

Here, the Court finds that the plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds, absent objection, that: (1) the plaintiff is a prevailing party in light of the Court's remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[3] See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, the plaintiff's counsel billed a total of 44.55 hours, at a rate of $196.31 per hour. [Doc. #31-1 at 1-2]. As noted above, however, the stipulated amount was $8,000.00, presumably at the same rate of $196.31 per hour, for a total of approximately 40.75 hours. The transcript in this case was comprised of nearly 600 pages, and the plaintiff's counsel submitted a thorough and well-reasoned brief, which included a

---

[3] The plaintiff's motion is timely as he filed it within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").

comprehensive medical chronology. Further, counsel did not represent the plaintiff during the administrative proceedings, and therefore had to familiarize herself with the record prior to briefing. (Tr. 108). See, e.g. Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014).

Accordingly, the Court finds that the stipulated time of 40.75 hours is reasonable, particularly in light of the parties' agreement, which adds weight to the claim that the fee award claimed is reasonable. Therefore, an award of $8,000.00 in fees is appropriate. Plaintiff's Motion for Award of Fees Pursuant to the Equal Access to Justice Act [Doc. #31] is **GRANTED**, in part, and the parties' Joint Stipulation [Doc. #29] is **SO ORDERED.**

Dated at New Haven, Connecticut, this 1st day of April 2016.

/s/
Hon. Sarah A. L. Merriam
United States Magistrate Judge